FILED
DEC 13 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

M.L., individually
and
WILLIAM HOUSTON,
as next friend of the minor child,
M.L., ward of the District of Columbia,
1008 Pendleton Street
Alexandria, VA 22314

Washington, D.C. 20019

    Plaintiff

    v.    :    CIVIL ACTION NO.

GOVERNMENT OF THE DISTRICT OF COLUMBIA:
A Municipal Corporation

    Defendant.

Serve:
Robert Spagnoletti,
Attorney General
District of Columbia
441 4th Street, N.W.
Washington, DC 20001

and

Mayor Anthony Williams
Office of the Secretary
1350 Pennsylvania Avenue, N.W.
Washington, DC 20004

```
CASE NUMBER   1:06CV02117
JUDGE: James Robertson
DECK TYPE: Civil Rights (non-employm
DATE STAMP: 12/13/2006
```

## COMPLAINT

### JURISDICTION

1.    Plaintiff brings this Complaint seeking relief from an adverse decision regarding the provision of a free appropriate public education, pursuant to the Individuals with

RECEIVED
DEC 0 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C.§§ 1400 et seq. This Court has jurisdiction pursuant to 28 U.S.C.§§ 1331 and 1343; and pendant jurisdiction pursuant to 5 D.C.Mun. Regs.§§ 3000 et seq. Declaratory relief is authorized by 28 U.S.C.§§ 2201 and 2202.

2. Plaintiff is a court appointed educational advocate of a minor child, a ward of the District of Columbia. The minor child is a ward of the District of Columbia during the time of the underlying administrative proceedings.

3. Defendant is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public Schools System ("DCPS"). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA and is responsible for issuing checks in payment of reasonable attorneys' fees and costs incurred by the Plaintiffs in pursuing claims under IDEA.

## FACTS

4. M.L.. is an eighteen year-old student who at the initiation of the administrative proceedings attended Eastern Senior High School, a DCPS school in Washington, D.C.

5. M.L. has been receiving special education services from DCPS.

6. On 18 May 2006, DCPS initiated expulsion for M.L. following an incident at Eastern.

7. On 6 June 2006, DCPS met and reduced the expulsion to a suspension ending on 14 June 2006.

8. At no time did DCPS initiate a manifestation determination review and has not convened one to date.

9. On 15 June 2006, plaintiff filed a due process hearing complaint alleging the failure to

convene a manifestation determination review within ten school days of the decision to change M.L.'s placement.

10. On 23 August 2006, DCPS convened a due process hearing with Frederick E. Woods presiding as the hearing officer

11. DCPS introduced no evidence at the hearing, while the plaintiff offered the Immediate Disciplinary Action Notice.

12. Hearing Officer Woods found no denial of a free appropriate public education (FAPE) because "she was not expelled from school, her placement was not changed, and her suspension was for less than ten (10)-days."

13. Hearing Officer Woods relied on a handwritten notation on the top of the 18 May 2006 document that states, "reduced to 8 day suspension 6/6-6/14/08." (*sic*)

## COUNT I

14. Plaintiff repeats and realleges paragraphs 1 - 13..

15. Hearing Officer Woods erred when he found that DCPS had not denied FAPE to M.L.

## COUNT II

16. Plaintiff repeats and realleges paragraphs 1 - 15

17. Hearing Officer Woods erred when he relied on the hand written notation without taking into consideration the actual document's date of 18 May 2006 and when the hand written note was actually written on 6 June 2006 which was thirteen (13) school days after the decision to refer M.L. for expulsion.

## COUNT III

18. Plaintiff repeats and realleges paragraphs 1 - 17.

19. Hearing Officer Woods erred when he did not consider the thirteen (13) school days M.L. missed because of the referral and the six (6) additional days after 6 June 2006 for a total of nineteen (19) schools days the student spent out of school.

## COUNT IV

20. Plaintiff repeats and realleges paragraphs 1 - 19.

21. Hearing Officer Woods erred when interpreting 34 C.F.R. §300.530 (e) which states:

   **within 10 school days of any decision to change the placement of a child with a disability because of violation of a code of student conduct,** the LEA, the parent, and relevant members of the child's IEP Team (as determined by the parent and the LEA) must review all relevant information in the student's file, including the child's IEP, any teacher observations, and any relevant information provided by the parents to determine-

   (i) If the conduct in question was caused by, or had a direct and substantial relationship to, the child's disability; or

   (ii) If the conduct in question was the direct result of the LEA's failure to implement the IEP (emphasis added)

Hearing Officer Woods used the eight (8) days handwritten on the 18 May 2006 notice as governing, whereas the law envisions the protections to begin immediately upon the decision to change the placement (34 C.F.R. §300.530 (a) defines a change of placement as removal for more that ten (10) school days for the students current placement), therefore when DCPS referred the matter for expulsion on 18 May 2006, the protections of 34 C.F.R. §300.530 (e) began.

4

**WHEREFORE**, Plaintiff respectfully requests this court to:

1. Issue a judgment for Plaintiff and against Defendants on all aforementioned counts;

2. Order that the 5 September 2006, Hearing Officer's Decision be reversed, finding DCPS denied M.L. of a free, appropriate, public education.

3. Order DCPS to convene a manifestation determination meeting immediately

4. Order DCPS to provide compensatory education for the special education services M.L. during her removal from DCPS.

5. Order an award of attorneys fees and costs to Plaintiff; and

6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ William E. Houston

William E. Houston, Esq.
D.C. Bar No. 450223
Dalton, Dalton, & Houston, P.C.
~~6303 Little River Turnpike, Suite 310,~~
~~Alexandria, Virginia 22312-5045~~
~~(703) 941-4455 (O)~~
~~(703) 642-3101 (F)~~

1008 Pendleton Street
Alexandria, VA 22314-1837
(703) 739-4300 (O)
(703) 739-2323 (F)

5

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

M.L., et al

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (NP)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

Government of the District of Columbia

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CASE NUMBER  1:06CV02117

JUDGE: James Robertson

DECK TYPE: Civil Rights (non-employm

DATE STAMP: 12/13/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other)   OR   ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. Habeas Corpus/ 2255<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. Employment Discrimination<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ I. FOIA/PRIVACY ACT<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ J. Student Loan<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. Labor/ERISA (non-employment)<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. Other Civil Rights (non-employment)<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☒ 446 Americans w/Disabilities-Other | ☐ M. Contract<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. Three-Judge Court<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
20 USC 1400   ADA

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 0   Check YES only if demanded in complaint  JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 12-13-06   SIGNATURE OF ATTORNEY OF RECORD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.