UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM HOUSTON, et al., | : |
| | : |
|     Plaintiffs | : |
| | : |
|     v. | :   **CIVIL ACTION NO. 06-2117 (JR)** |
| | : |
| DISTRICT OF COLUMBIA, | : |
| | : |
|     Defendant | : |
| _____ | : |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE COMPLAINT**

COMES NOW, the plaintiffs, by counsel, and respectfully move the Court to deny defendant District of Columbia's Motion to Dismiss.

**INTRODUCTION AND SUMMARY OF THE CASE**

This is an action by the plaintiffs to appeal the decision made by Mr. Frederick E. Woods in his September 5, 2006, Hearing Officer's Determination. The hearing officer ruled that the District of Columbia Public Schools ("DCPS") did not deny M.L. a free, appropriate public education ("FAPE") even though it failed to convene a manifestation determination review ("MDR") meeting prior to suspending the student for more than ten (10) days. The hearing officer relied on a handwritten notation on top of a school document indicating that the student's referral for expulsion was reduced to an eight (8) day suspension. This notation, however, was not written until the student was already out of school for thirteen (13) days. The student was out of school for a total of nineteen (19) days as a result of the school's disciplinary actions. Plaintiffs seeks reversal of the hearing officer's determinations.

## ARGUMENT

### The Complaint was Timely Filed

The District of Columbia argues that the Plaintiffs failed to file the complaint within the timeline mandated by the IDEIA.  As defendant references, IDEIA states that a party aggrieved by the decisions of the state educational agency has a right to bring a civil action in a district court of the Untied States.  The party has ninety (90) days from the date of the decision of the hearing officer to bring such an action.  *20 U.S.C. § 1415(i)(2)*.

In the instant case, the hearing officer issued his final determination on September 5, 2006.  The defendant, therefore, correctly calculates that the timeline for filing a complaint in this Court runs on December 4, 2006.  On December 4, 2006, the plaintiffs submitted the complaint, along with an application to proceed in forma pauperis to the Clerk of this Court.  On December 13, 2006, Judge Gladys Kessler granted the plaintiffs' Motion for Leave to Proceed in forma pauperis, and the complaint was docketed.

Although the Complaint was not docketed until December 13, 2006, the plaintiffs submitted the Complaint to the Court Clerk on December 4, 2006.  Counsel for the plaintiffs has verified with the office of the Clerk that, in actions where the plaintiffs are proceeding in forma pauperis, the complaint is considered filed on the day it is received by the Clerk's office.  However, the complaint is not actually docketed until after the Motion for Leave to Proceed in forma pauperis is granted.

**CONCLUSION**

Despite the fact that the Complaint was not docketed until December 13, 2006, the plaintiffs submitted the Complaint to the Court Clerk on December 4, 2006, and therefore the Complaint was timely filed. Accordingly, the Court has jurisdiction over this action and should deny defendant's Motion to Dismiss.

                              Respectfully Submitted,

                              _____/s/_____
                              William E. Houston, Esq.
                              Bar No. 450223
                              Dalton, Dalton, & Houston, P.C.
                              1008 Pendleton Street
                              Alexandria, Virginia 22314
                              (703)-739-4300
                              (703)-739-2323